UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD JOHN VIEIRA,

    Plaintiff,

    v.

WESLEY A. VAN WINKLE,

    Defendant.

                                  /

No. C 14-3568 SI (pr)

**ORDER OF DISMISSAL**

Richard John Vieira, an inmate on death row at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against his appointed counsel. In his complaint, he complains about counsel's representation during Vieira's capital appeal. His complaint is now before the court for review under 28 U.S.C. § 1915A and § 1915(e)(2).

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at 1915A(b). Even if § 1915A does not apply – as, for example, occurs when the prisoner-plaintiff does not seek redress from a governmental entity or officer or employee of a governmental entity – § 1915 permits the court to review a complaint filed *in forma pauperis*, and dismiss the action

if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal courts are courts of limited jurisdiction. As relevant here, the court only has jurisdiction to entertain this action if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983. (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.) In simple terms, a prisoner's complaint can go forward in federal court if a claim is stated under § 1983; if a complaint does not state a claim under § 1983, the plaintiff must file his action in state court.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a person acting under the color of state law (2) violated a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The amended complaint fails to state a claim under § 1983 because the defendant is not a state actor. State court criminal defendants cannot sue their lawyers in federal court for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *cf. Vermont v. Brillon*, 556 U.S. 81, 84 (2009) (state court erred in ranking assigned counsel essentially as state actors for purposes of evaluating speedy trial claim). A private attorney under court appointment to represent a prisoner in a capital appeal also is not a state actor. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). Plaintiff's conclusory allegations of conspiracy do not suffice to transform the private attorney's actions into state action. *See id.* As the defendant here is not a state actor, he has no liability under § 1983 for the acts and omissions alleged by plaintiff in this action.

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted. Leave to amend will not be granted because the defect in the complaint is not curable.

2

In light of the dismissal of this action, plaintiff's motion for appointment of counsel is DENIED.  (Docket # 4.)

The clerk shall close the file.

IT IS SO ORDERED.

Dated: October 9, 2014

_____
SUSAN ILLSTON
United States District Judge